**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **HARPTREET SINGH,** *custodial parent and* | ) |
| *next friend of* **JSD, a minor,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **No. 1:25-cv-00280-CCB-ALT** |
| | ) |
| **PEGPEREGO USA, INC.,** *an Indiana* | ) |
| *corporation*, | ) |
| | ) |
| **Defendant.** | ) |

## <u>OPINION AND ORDER</u>

Before the Court is the parties' proposed stipulated protective order, which the Court deems to be a motion to adopt the protective order pursuant to Federal Rule of Civil Procedure 26(c). (ECF 36). Rule 26(c) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). Because the Court has concerns about several aspects of the proposed protective order, the motion will be denied without prejudice.

A protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information …." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at \*1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same). Here, however, the proposed protective order, which extends beyond discovery,[1] never actually sets forth a definition of "Confidential"

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at \*3 (S.D. Ind. Oct. 10, 2008); s*ee also Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents,

information within the proposed order, much less a properly demarcated one. It merely states that "[t]he parties expect to exchange non-public documents and information related to the stroller system's development, design and manufacture, which may contain highly sensitive materials, such as trade secrets, research, financial data, or product development information." (ECF 36 at 1).

And even if the proposed order did define "Confidential" in this manner, the use of "'[n]on-public' is too vague. If it means only that the information is not available to the general public, then it is insufficient because the information must be kept secret from and not be readily ascertainable by potential competitors." *Cook*, 206 F.R.D. at 248. "If the parties seek non-trade secret protection for any … information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available." *Id*. at 249 (internal quotation marks omitted). "They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material." *Id.* For material to be protected, it "must give the holder an economic *advantage* and threaten a *competitive* injury—business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.* at 248. "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l, Inc.*, 297 F.3d at 547).

---

usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). Because the proposed order in this case contemplates sealed filings (ECF 36 at 2-3), it requires a higher level of scrutiny.

Similarly, the phrase "highly sensitive materials" in the proposed order is vague. (ECF 36 at 1); *see TRTS, LLC v. Trans Indus. of Ind., Inc.*, No. 1:12-CV-269, 2012 WL 5386047, at *1 (N.D. Ind. Nov. 1, 2012) (rejecting the use of "oblique terms such as 'confidential,' 'proprietary,' and 'sensitive'" in the definition of "Confidential Information" in a proposed stipulated protective order). Further, the proposed order is overly broad because it contemplates sealing an entire document if it "contain[s]" Confidential information. (ECF 36 at 1); *see Cincinnati Ins. Co.*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document). Likewise, incorporating the qualifier "that the producing party has a good faith basis for asserting is confidential under the applicable standards" (ECF 36 at 1) is a "fudge" phrase that compounds the vagueness of the proposed order. *See Shepard*, 2003 WL 1702256, at *1 (articulating that a party's attempt to qualify a "fudge" word by the phrase "in good faith" fails to sufficiently cure the deficiency).

Another problem with the proposed order is that the parties' process for the return or destruction of Confidential materials does not provide an exception for the Court. (ECF 36 at 7). The Court will not sign on to an obligation to return documents that have been made part of the record. And while the parties agree that the protective order will remain in force after termination of the suit (*id.*), the Court is unwilling to enter a protective order that suggests it retain jurisdiction of any kind after resolution of the case. *See EEOC v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents

3

without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

Finally, the Seventh Circuit Court of Appeals has made it clear that a protective order must be "explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Cincinnati Ins. Co.*, 178 F.3d at 946. The instant proposed order, however, does not contain this language. "[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id.* at 945 (collecting cases).

For these reasons, the parties' proposed stipulated protective order (ECF 36), which the Court deems to be a motion seeking the entry of the proposed order, is DENIED without prejudice. The parties may submit for the Court's consideration another **motion** for entry of stipulated protective order, attaching a revised proposed stipulated protective order consistent with the requirements of Rule 26(c) and Seventh Circuit case law.

SO ORDERED.

Entered this 30th day of March 2026.

/s/ Andrew L. Teel

Andrew L. Teel
United States Magistrate Judge

4