UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HARPREET SINGH,<br><br>Plaintiff,<br><br>v.<br><br>PEGPEREGO USA, INC,<br><br>Defendant. | Case No. 1:25-CV-280-CCB-ALT |

**OPINION AND ORDER**

Plaintiff J.S.D., a minor, by and through Harpreet Singh, custodial parent and next friend, filed an Unopposed Motion for Approval of Minor's Settlement (ECF 48), which the Court takes under advisement. Plaintiff and Defendant Peg Perego U.S.A., Inc. also submitted exhibits in support of that motion and moved for leave to maintain the exhibits under seal. (ECF 47).

The parties contend that all exhibits currently under seal—the Settlement Agreement, the Client Disbursement Document and Statement of Costs, the Structured Settlement Annuity Documents, and portions of the Proposed Order Approving the Minor Settlement—should remain under seal. (ECF 47 ¶ 6). They assert that they agreed to keep the settlement terms confidential and that publicizing details such as the settlement sum, the payment schedule, and J.S.D.'s full name serves no utility or public interest. (*Id.* ¶¶ 3, 4). They argue that the sealed information is narrowly tailored and that no compelling reason favors disclosure. (*Id.* ¶ 4). Accordingly, the parties ask the

Court to find that good cause exists and to maintain the settlement documentation under seal. (*Id.* ¶ 2).

"Information that affects the disposition of litigation belongs in the public record unless a statute or privilege justifies nondisclosure." *United States v. Foster*, 564 F.3d 852, 853 (7th Cir. 2009). When deciding whether to maintain any document under seal, a court evaluates whether good cause exists to overcome the public interest in open court proceedings. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999). "[S]ettlement terms are of potential public interest [ ] when judicial approval of the terms is required . . . . In all such cases the presumption of a right of public access to court documents should apply." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 834 (7th Cir. 2013). Under Indiana law, an agreement settling a minor's claims is invalid unless a court approves it as serving the minor's best interest and directs the terms of payment. Ind. Code § 29-3-9-7(a)–(b); *see also* Ind. Code § 29-3-3-1 (governing payment methods based on the value of the minor's recovery).

To obtain that approval here, the parties ask the Court to review and approve the settlement sum, the fee and cost disbursements, and the structured annuity payment schedule. (ECF 48, 50). These terms form the basis for the Court's decision on whether to approve the settlement agreement under Indiana Code § 29-3-9-7. Therefore, they affect the disposition of this litigation and presumptively belong in the public record. *See Goesel*, 738 F.3d at 834–35 (holding that where judicial approval of a minor's settlement is required, the presumption of public access applies to the settlement amount, fees, and costs).

The parties have not identified a federal statute or privilege that overcomes the presumption of public access. An agreement between the parties to keep the terms confidential is insufficient. *Id.* at 835. Contrary to the parties' view that disclosure serves no utility, the settlement amount, fee allocation, and payment schedule are necessary to understand why the agreement is fair to J.S.D. Publishing those figures serves the public interest by allowing the public to assess the Court's decision and by informing future negotiations involving minor litigants. *Id.*

Still, the Court shares the parties' desire to protect J.S.D.'s personal privacy. Sealing the entire settlement record and redacting the Court's order is broader than necessary to achieve that goal. Federal Rule of Civil Procedure 5.2(a) protects a minor's privacy by limiting public filings to the minor's initials and birth year. Disclosing the financial terms and payment schedule alongside J.S.D.'s initials protects his privacy without obscuring the basis for the Court's decision. The unredacted exhibits currently under seal, however, list J.S.D.'s full name and exact birth date. Rules 5.2(a)(2) and (3) thus support keeping those unredacted filings under seal while placing redacted versions on the public docket.

Accordingly, the parties must file public redacted versions of the Settlement Agreement, the Client Disbursement Document and Statement of Costs, and the Structured Settlement Annuity Documents by **November 17, 2026**. In those public filings, the parties may redact only J.S.D.'s full name, the month and day of his birth, and the month and day of any periodic annuity payment dates tied to his birthday. The financial terms, fee and cost figures, and payment amounts must remain unredacted.

For these reasons, the parties' Consent Motion to Seal (ECF 47) is **GRANTED IN PART**. The Clerk is **DIRECTED** to maintain the unredacted exhibits (ECF 50, 50-1, 50-2, 50-3) under seal to protect J.S.D.'s personal identifiers under Rule 5.2(a). The parties are **ORDERED** to file public redacted versions of the settlement exhibits (ECF 50-1, 50-2, 50-3) by **November 17, 2026**. Plaintiff's Unopposed Motion for Approval of Minor's Settlement (ECF 48) remains **UNDER ADVISEMENT** pending the filing of the redacted exhibits.

SO ORDERED on November 3, 2026.

*/s/ Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT